# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RAYMOND SENA,**

      Plaintiff,

vs.                                                                                      Civ. No. 01-1173 MCA/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

     **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. (Docket No. 8), filed September 3, 2001. The Commissioner of Social Security issued a final decision terminating benefits finding that Plaintiff's medical condition had improved. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is not well taken and will be denied.

## PROPOSED FINDINGS

### I. PROCEDURAL RECORD

     1.     On April 27, 1995, an Administrative Law Judge (ALJ) issued a decision finding Plaintiff disabled as of August 1, 1993, due to a back impairment that limited the Plaintiff to less than

a full range of sedentary work. Tr. 128-33. A "continuing disability review" was performed and Plaintiff was notified that his disability insurance benefits ended in August of 1998 because his condition had "medically improved." 20 C.F.R. §404.1589  After an interview with the Plaintiff and a review of the medical records, a Disability Hearing Officer issued a decision on January 13, 1999, finding medical improvement. Tr. 152-59. Plaintiff requested a hearing before an ALJ. Tr. 163. Plaintiff did not appear at the first two scheduled hearings. A third hearing was scheduled on June 2, 2000 at 8:45am. Plaintiff did not appear on time. Plaintiff's representative appeared and requested to withdraw from the case at that time on the grounds that Plaintiff had failed to cooperate with her in preparing the case. Tr. 295-96. The ALJ granted the request and closed the hearing at 9:17.am. Tr. 196-97. Plaintiff appeared at 9:35am. The ALJ conducted the hearing noting that this hearing had been scheduled on two previous occasions.

3.     The ALJ issued a decision on July 6, 2000. The ALJ made the following findings according to the sequential evaluation set forth in 20 C.F.R. §404.1594(f): the claimant has not engaged in substantial gainful activity since he was found disabled on August 3, 1995; the medical evidence established that the claimant currently has history of status post bilateral spinal fusion and has a spinal disorder; the claimant does not have an impairment or combination of impairments which meets or equals the listings of impairments; the medical evidence established that there has been improvement in the claimants medical impairment since August 3, 1995; the claimants subjective complaints of pain and limitations are not credible; since August 1, 1998, the claimant has the residual functional capacity to perform the exertional and nonexertional requirements of work except for lighting/carrying over 20 pounds,  walking/standing over 6 hours, and prolonged bending' beginning August 1, 1998, the claimant had the residual functional capacity to perform a limited range of light

work; as of August 1, 1998, the claimant was 30 years old, which is defined as a "younger individual."; the claimant has a tenth grade education; the claimant does not have acquired work skills which are transferable to the skilled or semiskilled work functions of other work; the grids direct a conclusion of "not disabled;" the claimant's disability ceased on August 1, 1998.

4. The ALJ entered his decision on July 6, 2000. On November 7, 2000, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 7. The Plaintiff subsequently filed a complaint for court review of the ALJ's decision on October 10, 2001.

## II. STANDARD OF REVIEW

5. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

6. After the Commissioner finds a claimant disabled, he "must evaluate [the claimant's] impairments from time to time to determine if [she is] still eligible for disability cash benefits." 20 C.F.R. § 404.1589. In a "continuing disability review," the Commissioner has the burden to show that the claimant can perform substantial gainful activity. Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994). Further, no "inference as to the presence or absence of disability [is] drawn from the fact

that the individual has previously been determined to be disabled." 42 U.S.C. § 423(f).

7.  The Commissioner may find that a claimant is no longer entitled to disability benefits because his impairment has ceased, does not exist, or is no longer disabling, if such finding is supported by:

(1) substantial evidence which demonstrates that -
(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
(B) the individual is now able to engage in substantial gainful activity...
42 U.S.C. § 423(f).

### III. DISCUSSION

8.  Plaintiff asserts that he was denied due process because he did not have representation at the administrative hearing. The absence of counsel or representation is not sufficient ground for remand. The Plaintiff must demonstrate prejudice or unfairness in the proceedings to justify a remand. Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1980). The record shows that two previous hearings were set in January and June of 2000. Tr. 33, 35. Defendant asserts that the hearing was rescheduled at Plaintiff's request. Plaintiff asserts that nothing is the record supports this. Plaintiff's assertion is without merit  The record specifically established that the hearings were rescheduled at Plaintiff's request because he was trying to get an attorney. Tr. 182. On both occasions Plaintiff was given a list of attorneys and the hearing was rescheduled. Id. At the third hearing Plaintiff's representative appeared. She stated on the record that she had met with the Plaintiff but not since June of 1999. Tr. 296. She had scheduled an appointment with him to prepare for the hearing on the Tuesday prior to the hearing, but Plaintiff did not keep the appointment or call her. Id. The record shows that Plaintiff was given sufficient opportunity to obtain representation. Furthermore, as discussed below, the ALJ conducted the hearing as a non adversarial proceeding and fulfilled his

4

basic duty of inquiry.

9. In addition, because the hearing was on the cessation of Plaintiff's disability benefits, the ALJ correctly noted that pay status was an issue and thus there should be no further delay. Tr. 301. When a claimant appeals the cessation of his disability benefits, he can request that he continue receiving benefits during his appeal. Tr. 137; 20 C.F.R. §404.1597a(a). Receipt of these benefits during an appeal that is denied may result in an overpayment which the Plaintiff would be responsible for paying back to the Social Security Administration. Id.; 20 C.F.R. §404.1597a(j).

10. Plaintiff asserts that the ALJ failed to fully and fairly develop the record. The ALJ was under a duty to fully and fairly develop the record and to fully inform himself of the facts surrounding Plaintiff's disability claim. Musgrave v. Sullivan 966 F.2d 1371, 1374 (10th Cir. 1992). The ALJ must ask sufficient questions to determine the nature of the claimant's impairments, the nature of the claimant's treatment and the impact of the impairment on the claimant's daily activities. Id. at 1375. The ALJ's duty is heightened where, as here, Plaintiff is unrepresented by counsel at the hearing. In support of his request for remand, Plaintiff argues that the ALJ failed to comply with this duty. The record does not support Plaintiff's assertion. At the hearing the ALJ asked Plaintiff questions regarding his impairments (Tr. 304), pain (Tr. 308-09), daily activities (Tr. 305-06, 311), medical treatment (Tr. 304, 307), and medications. Tr. 307-10). In addition the ALJ on two occasions asked the Plaintiff whether there was anything else he would like to tell him. Tr. 310, 311.

11. Plaintiff also argues that the Commissioner erred in sending the Plaintiff to a psychiatric consultative evaluation. The record is replete with references that Plaintiff may have a psychological impairment. His treating physician, Robert Peinert, Jr., M.D., reported that emotional factors contribute to the severity of the Plaintiff's symptoms and functional limitations. Tr. 236. The

5

record shows that Plaintiff has "significant dependancy" on Darvacet and Xanax. Dr. Radecki, a treating physician, assessed with the Plaintiff with "[c]hronic pain status post fusion surgery lumbar area with significant psychological overlay." Dr. Cheryl Hollingsworth, M.D. performed the evaluation and found that Plaintiff's affect was appropriate, his memory was intact, his judgment and insight were good and his intelligence was average. Tr. 248. In addition, she found that Plaintiff had no evidence of depression. Id. Although Plaintiff had some evidence of anxiety due to pain, Dr. Hollingsworth opined that Plaintiff's anxiety did not cause any impairment in his occupational or social functioning. Tr. 248.

12. Plaintiff argues that the substantial evidence that does not support the ALJ's determination that Plaintiff's condition had medically improved. When Plaintiff received his favorable decision in April of 1995, he was recovering from back surgery and his spinal fusion was not yet solid. Tr. 107, 116, 118. He had difficulty in walking and could sit for only short period of time. Tr. 104. Plaintiff had undergone physical therapy and more therapy was prescribed by his physician. Tr. 119. The medical records show that Plaintiff's condition had significantly changed in 1997 and thereafter. In September of 1997, Plaintiff was doing some work for his brother. Tr. 244. He was lifting a pallet in April of 1998. Tr. 242. In March of 1998, his treating physician, Dr. Peinert, Jr. reported that Plaintiff was "not doing all that badly" and was "as active as he could be." Though Dr. Peinert questioned whether the fusion was solid, he noted on June 15, 1998 that the x-rays showed what appeared to be a "good solid fusion." Tr. 241. At that visit Plaintiff told Dr. Peinert that he would be taking an automobile trip to California for a family vacation. Tr. 241.

13. Plaintiff asserts that the ALJ erred in relying on a residual functional capacity (RFC) assessment of a non-examining physician. Similarly, Plaintiff asserts that the ALJ erred in not

obtaining a RFC assessment from Plaintiff's treating physician. Plaintiff's arguments have no merit. Residual functional capacity assessments are used at step four. Plaintiff has the burden to introduce any assessments in the record. In this case, Dr. Peinert, Plaintiff's treating physician refused to complete a residual functional capacity on the Plaintiff. He referred the Plaintiff for this assessment. Tr. 285, 286. However, Plaintiff refused to undergo the assessment. The Plaintiff was "uncooperative with obtaining a functional capacity assessment and indicated no willingness to consider returning to work in any capacity." Tr. 283. Further, the RFC relied on by the ALJ is consistent with the findings of Robert H. Wilson, M.D., who examined the Plaintiff on June 4, 1999. Tr. 280 Finally, the ALJ did not rely solely in the RFC of the non-examining physician but rather on the record as a whole including the medical records. McGuire v. Apfel, 151 F. Supp. 2d 1260, 1269 (D. Kan. 2001). There is no error.

14. Lastly, Plaintiff argues in his reply brief that the Grids should not have been applied because of Plaintiff's pain. The ALJ found that Plaintiff's subjective complaints of pain were not credible based on the objective medical evidence and Plaintiff's testimony. Tr. 21. The ALJ specifically noted that Plaintiff has a driver's license and drove to the hearing. Though he has continued the use of Xanax and Darvacet the record shows that treating physicians found the continued use questionable and that he was addicted to these medications. Tr. 187. He was placed in a methodone problem for his addiction. Tr. 189. His most recent treating physician, Dr. Radecki wrote on January 21, 2000 that he "would not recommended increasing his medication due to difficulties in finding any physiological reasons for increasing of pain." Tr. 290. The ALJ adequately considered Plaintiff's nonexertional limitations and properly applied the Grids. Gossett, 862 F.2d at 806.

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Agency Decision, filed September 3, 2001, should be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**